## Stone et al. v. Alspaugh et al.

(Decided March 16, 1934.)

BRUCE & BRUCE and L. D. BRUCE for appellants.

J. D. ATKINSON and NICHOLAS KLEIN for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

On August 3, 1920, appellant became guardian of Ruth Royal, now Alspaugh, and four other Royal children, he resigned June 5, 1931, and A. V. Pollock became the guardian for the three Royal children who were still minors, and September 18, 1931, the two Royal children who were of age and Pollock as guardian of the other three sued Stone and his sureties to surcharge his settlements and to recover money for which they claimed he had not accounted. They recovered a judgment for $1,111.37 against Stone and his sureties.

T. E. Nickel, who was only bound for $200 on the bond he had signed, paid that sum into court, and Stone and his other surety, S. T. Reeder, have appealed. The court referred the matter to a commissioner to hear evidence and make a report. Stone's account is as follows:

### Debits.

From Adm'r of mother of Royal children .................. $1,178.51
From U. S. (Pension of Mr. Royal) ...................... 2,924.20
Interest and refund ...................................... 40.00
Interest, money should have earned, if loaned ............ 398.00

Credits.

Money expended for wards ......................$1,573.39
Amount paid to successor ....................... 1,327.36
Costs, commissions, taxes and allowances ........ 528.63
Balance due ................................... 1,111.33

$4,540.71     $4,540.71

Stone admits the item of $1,178.51 is correct, he says the item $2,924.20 is $44.87 too large, and said he would file his record when he testified, but he did not do so. The $40 item represents $36 interest and $4 from the school at Berea, and they are taken from settlements he put in, so he must admit they are correct. The court charged Stone with $398 interest, but the record is silent as to how that was arrived at, so we cannot disturb the finding of the chancellor concerning it. The $1,573.29 allowed him for expenditures for his wards is $873.74 more than his figures show he expended, so he cannot complain of that. The $1,327.36, he paid his successor is composed of his check $736.56 and pension vouchers for $590.80, which items he admits are correct. The $528.36 is made up of $262.62 allowed him by the commissioner, $118.06 commissions which he claimed in his exceptions to the commissioner's report, $81.64 costs allowed him by the court and $66.35 allowed him as a reduction on the interest charged against him. He was allowed every credit he claimed in his pleadings and more. He has not brought here his evidence before the commissioner or before the court either, and we are at a loss to know just why he appealed.

These figures show Stone has taken $4,102.71 and so managed it as to carry five children through ten years of their schooling and adolescent period at an average cost per child of $31.50 per year (an impossibility), and to have turned over and must yet turn over to them or their guardian $2,438.69. We have looked for charges for board, school books, etc., but found none. Stone is simply a poor bookkeeper, that is all, but we must fix his rights upon the record he brings us and on the showing made we are forced to affirm the judgment.

Judgment affirmed.